UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHLEIGH PRUELL and AMY GORDON, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARITAS CHRISTI, CARITAS CHRISTI NETWORK SERVICES, INC., CARITAS CARNEY HOSPITAL, INC., CARITAS GOOD SAMARITAN MEDICAL CENTER, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS NORWOOD HOSPITAL, INC., CARITAS SOUTHWOOD HOSPITAL, INC., CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., CARITAS ST. JOHN OF GOD HOSPITAL, INC., NORWOOD HOSPITAL, SAINT ANNE'S HOSPITAL CORPORATION, RALPH DE LA TORRE, M.D., and RICHARD KROPP,<br><br>Defendants. | CIVIL ACTION No. 09-cv-11722 |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1331, 1441 and 1446, defendants Caritas Christi, Caritas Christi Network Services, Inc., Caritas Carney Hospital, Inc., Caritas Good Samaritan Medical Center, Inc., Caritas Holy Family Hospital, Inc., Caritas Norwood Hospital, Inc., Caritas Southwood Hospital, Inc., Caritas St. Elizabeth's Medical Center of Boston, Inc., Caritas St. John of God Hospital, Inc., Norwood Hospital, Saint Anne's Hospital Corporation, Ralph de la Torre, M.D., and Richard Kropp (collectively, "Caritas Defendants") hereby notice the removal to this Court of the civil action styled as *Ashleigh Pruell, et al. v. Caritas Christi, et al.* from the Superior Court for Suffolk County, Department of the Trial Court of the Commonwealth of

Massachusetts, Civil Action No. 09-3850.  In support thereof, Caritas Defendants state the following:

1. All Caritas Defendants were served with a copy of the summons and complaint in this action on September 17, 2009, with the exception of Defendant Ralph de la Torre, M.D., who was served on September 18, 2009.

2. True and correct copies of the summons and complaint served on Caritas are attached hereto as **Exhibit 1**.  The documents at Exhibit 1 constitute all process, pleadings, and orders served on Caritas in this action.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Caritas Defendants were served with a copy of the initial pleading setting forth the claims for relief upon which plaintiffs' action is based.

4. Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5. In their thirteen-count Complaint, plaintiffs assert a myriad of state law statutory and common law claims stemming from their employment with some or all of Caritas Defendants.  The essence of plaintiffs' Complaint is that Caritas Defendants promised to plaintiffs that they would employ plaintiffs "at a set rate of pay, with a set work schedule for a particular position, under set terms of employment" (Compl. ¶ 116) but did not do so.  Instead, according to plaintiffs, Caritas Defendants implemented a policy to deduct automatically 30 minutes of time per day for a meal break, although some employees allegedly were not always able to take their breaks or occasionally had their breaks interrupted due to staffing and patient needs.  Plaintiffs also allege that employees regularly worked before and after their shifts without pay and were required to participate in training without pay.  Based on these allegations,

plaintiffs claim that Caritas Defendants failed to comply with the Massachusetts Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148 (Count I), and the overtime provisions of the Massachusetts Fair Minimum Wage Act, Mass. Gen. laws ch. 151, § 1A (Count II).  In addition, plaintiffs assert common law claims for breach of contract (Counts III, IV, and V), assumpsit (Count VI), quantum meruit/unjust enrichment (Count VII), fraud (Count VIII), negligent misrepresentation (Count IX), equitable estoppel (Count X), promissory estoppel (Count XI), and conversion (Count XII), as well as a claim that Caritas Defendants failed to keep accurate records (Count XIII).

      6.      Under the doctrine of complete preemption, "if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983).  Therefore, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

      7.      Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, possesses this preemptive force.  *See Franchise Tax Bd.*, 463 U.S. at 23.  Thus,"[i]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law … is pre-empted." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).  Substantive federal principles permit removal under federal question jurisdiction where at least one of a plaintiff's claims is pre-empted by § 301.  *Id.* at 406, n.5; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).

8.    Here, members of the proposed class are members of bargaining units whose terms and conditions of employment are governed by collective bargaining agreements between Caritas Defendants and the Massachusetts Nurses Association, 1199SEIU United Healthcare Workers East, and the International Union of Operating Engineers, Local 877.

9.    These collective bargaining agreements all contain detailed provisions governing breaks, overtime compensation, shift assignments, fulfilling staffing needs, training, and the maintenance of employee records.  Indeed, the collective bargaining agreements impose requirements that are different from the requirements of Massachusetts wage and hour law.  For example, Massachusetts wage and hour law does not require employers to pay employees overtime for working more than a certain number of hours in a day, while the collective bargaining agreements contain provisions governing such pay.

10.    Accordingly, plaintiffs' state law claims cannot be resolved without interpreting the collective bargaining agreements.  Plaintiffs' common law breach of contract claims necessarily require the Court to interpret the collective bargaining agreements because the contracts the plaintiffs claim Caritas Defendants breached <u>are</u> those collective bargaining agreements.  Plaintiffs' claims for fraud, negligent misrepresentation, and conversion also require the Court to interpret the collective bargaining agreements because they, too, depend on proof that Caritas Defendants breached the collect bargaining agreements.  If Caritas Defendants complied with the agreements, then it misrepresented nothing and did not wrongly "convert" plaintiffs' wages.  Similarly, plaintiffs' state law statutory wage claims require an interpretation of the scheduling and payment requirements of the collective bargaining agreements to determine how many compensable hours each employee worked and how each employee was paid for the actual hours worked.  The Court must interpret the collective bargaining agreements

4

to resolve plaintiffs' promissory estoppel, assumpsit, and quantum meruit/unjust enrichment claims because all of these claims rely on the notion of an implied contract; it is black-letter law that a Court will not imply a contract where there is an express contract covering the same subject, *see, e.g.*, *York v. Scudder Investments, Inc.*, 849 N.E.2d 892 (Mass. App. Ct. 2006); and there is no way for the Court to determine whether there is an express contract governing the matters described in plaintiffs' common law and quasi-contract claims without interpreting the collective bargaining agreements.

11. As a result, this Court has federal question jurisdiction of this case under 28 U.S.C. § 1331.

12. Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441.

13. Caritas Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by plaintiffs.

14. Pursuant to 28 U.S.C. § 1446(d), Caritas Defendants will promptly file a copy of this notice of removal with the Clerk of the Superior Court for Suffolk County, Commonwealth of Massachusetts, and will also serve a copy upon counsel of record.

WHEREFORE, Caritas Defendants remove the action now pending against them in the Superior Court for Suffolk County of the Commonwealth of Massachusetts, Civil Action No. 09-3850, to this Court.

Respectfully submitted,

**CARITAS CHRISTI, CARITAS CHRISTI NETWORK SERVICES, INC., CARITAS CARNEY HOSPITAL, INC., CARITAS GOOD SAMARITAN MEDICAL CENTER, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS NORWOOD HOSPITAL, INC., CARITAS SOUTHWOOD HOSPITAL, INC., CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., CARITAS ST. JOHN OF GOD HOSPITAL, INC., NORWOOD HOSPITAL, SAINT ANNE'S HOSPITAL CORPORATION, RALPH DE LA TORRE, and RICHARD KROPP**

By their attorneys,

/s/ Sarah N. Turner
Richard L. Alfred, BBO #015000
Krista Pratt, BBO #644741
Barry Miller, BBO # 661596
Sarah N. Turner, BBO #664488
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated: October 16, 2009

6

## CERTIFICATE OF SERVICE

     I, Sarah N. Turner, certify that on October 16, 2009, I served the foregoing Notice of Filing Notice of Removal on plaintiffs by causing a copy of the same to be delivered by first class mail, to their counsel of record:

Jody L. Newman, Esq.
Ariatna Villegas-Vazquez, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211

Patrick J. Solomon, Esq.
Michael J. Lingle, Esq.
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

                                                                       /s/ Sarah N. Turner
                                                                       Sarah N. Turner